UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CHARLES H. KRUMBEIN,

                       Plaintiff,

v.                                        Action No. 3:08–CV–473

MATTHEW D. KRAEGEL,

                       Defendant.

MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Docket No. 18) and Plaintiff's Motion for Partial Summary Judgment as to liability (Docket No. 20). For the reasons stated below, Defendant's Motion for Summary Judgment will be GRANTED and Plaintiff's Motion will be DENIED, thereby DISMISSING the case in its entirety.

I.  BACKGROUND

A.  Undisputed Facts

Plaintiff, Charles Krumbein, owns property located in Middlesex County, Virginia. Hurricane Isabel caused significant damage to the property in September 2003. The Middlesex County Wetlands Board ("Board") assessed civil penalties against Plaintiff on May 12, 2004, for performing work in a wetlands area without a

1

permit, in violation of section 28.2-1306 of the Code of Virginia.[1]

Defendant, Matthew Kraegel, worked for Middlesex County as a wetlands administrator and deputy zoning administrator from July 2007 to June 2008. (Kraegel Dep. 6:21-7:4, 11:14-21.) Because Plaintiff never paid the civil penalties assessed by the Board in 2004, the Board unanimously decided on December 11, 2007, to pursue criminal charges against Plaintiff for the alleged violations of the Middlesex County Wetlands Zoning Ordinance. (Def.'s Mem. Supp. Summ. J. Ex. F.) The Board and the Middlesex County Attorney directed Defendant to obtain a criminal complaint against Plaintiff on the Board's behalf. (Def.'s Answers to Pl.'s Interrogs. 9.)

On December 28, 2007, Defendant swore out a criminal complaint before Magistrate Carey Latimore, III. The complaint included a summons for Plaintiff to appear in Middlesex General District Court on February 4, 2008, to answer the charge that on or about March 1, 2004, he violated Section 4A of the Middlesex County wetlands zoning ordinance, in violation of Va. Code § 28.2-1306. (Def.'s Mem. Supp. Summ. J. Ex. A.) Defendant represents that he "requested that the sworn statements be in the name of Middlesex County or Middlesex County Wetlands Board, but the Magistrate told the defendant that he had to write his name on the summons, even though it was not the defendant's business." (Def.'s Answers to Interrogs. 3.)

Plaintiff first became aware that a summons had been issued against him on

---

[1] The Board determined that a violation had occurred after Plaintiff failed to attend two show cause hearings regarding the allegations that Plaintiff was performing work in a wetlands area without a permit.

or around January 11, 2008, when a police officer left his business card at Plaintiff's residence in Henrico County with a note asking Plaintiff to call him. (Krumbein Dep. 31:7-10.) Plaintiff called the officer, who told him to come pick up a summons at the police station, located at the Henrico County Government Center on Parham Road. (Krumbein Dep. 30:25-31:15.)

Plaintiff went to the Government Center, where he waited for thirty minutes before a police officer served him the summons. (Krumbein Dep. 31:22-23.) During this period, law enforcement officers touched Plaintiff only for the purpose of shaking hands. (Krumbein Dep. 32:14-23.) No law enforcement officers searched Plaintiff at any time. (Krumbein Dep. 32:24-25.) Nor did law enforcement take any of Plaintiff's belongings. (Krumbein Dep. 33:1-2.) Although Plaintiff noticed that every law enforcement officer he saw had a gun, no officer made any threatening gestures toward Plaintiff. (Krumbein Dep. 33:3-11.) Plaintiff stated that he did not feel free to leave, except with the police officer's permission, but also stated that when he asked the officer whether he was free to leave, the officer said yes. (Krumbein Dep. 34:5-11.) At no time did anyone tell Plaintiff he was not free to leave. (Krumbein Dep. 34:12-14.) The officer who served Plaintiff the summons used "[a]n ordinary working tone" and had a professional demeanor in his interaction with Plaintiff. (Krumbein Dep. 37:20-25.)

When he left with the summons, no one escorted Plaintiff out of the building. (Krumbein Dep. 38:13-15.) Plaintiff was never taken to jail for the offense described in the summons. (Krumbein Dep. 38:16-18.) Plaintiff never had to post bond for the

offense described in the summons. (Krumbein Dep. 38:19-20.) Plaintiff was never fingerprinted during his encounter with law enforcement. (Krumbein Dep. 39:7-8.)

Plaintiff testified that the process of being served the summons was "humiliating." (Krumbein Dep. 45:20-24.) He believes that it may have an adverse effect on his law practice "on the off chance" that he decided to re-apply for certification as a consumer bankruptcy expert. (Krumbein Dep. 45:20-24.) Plaintiff stated that he was humiliated because:

> I was called over here and I got this summons. I was essentially served, arrested, whatever. Some of the people there knew me, maybe they knew what was going on, maybe they didn't, I don't know. But somebody who knew me could see this officer come out from the back and hand me something and see me talking to him. Maybe they heard it, maybe they didn't, that's not fun. . . . I conducted my business professionally, asked if I could leave. The officer said, yes, and I left.

(Krumbein Dep. 46:23-47:7.)

Plaintiff bases his allegation of malice on his contention that Middlesex County should have known that his wife, not he, conducted the work on the wetlands without a permit. (Krumbein Dep. 50:2-16.) Additionally, Plaintiff opined at his deposition that it was "vindictive, mean, and malicious" for Middlesex County to pursue criminal charges against him when nearly three years passed between the alleged violation and the date Defendant swore out the criminal complaint. (Krumbein Dep. 50:16-19.) He believes that Defendant's predecessor as wetlands administrator for Middlesex County, Ms. Easterbrook, had a file on his property that would have indicated that his wife did the work, not him. Plaintiff stated that he has never met Defendant. (Krumbein Dep. 59:18-19.)

Plaintiff never appeared in court on the summons. The Middlesex County General District Court formally dismissed the charges on the Commonwealth Attorney's motion on February 4, 2008, as barred by the one-year statute of limitations. (Compl. ¶¶ 19-20.)

## II. DISCUSSION

### A. Standard of Review

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The Court must view the facts and the inferences drawn therefrom in the light most favorable to the non-moving party. Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1004 (4th Cir. 1987). While viewing the facts in such a manner, courts look to the affidavits or other specific facts to determine whether a triable issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see Celotex, 477 U.S. at 322 (requiring non-moving party to show specific facts by affidavits, depositions, or admissions). Summary judgment is not appropriate if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To overcome a motion for summary judgment, the non-moving party must establish that a genuine issue of material fact actually exists. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 586 n.11 (1986). "Mere unsupported speculation is not sufficient

to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). "Where no genuine issue of material fact exists," it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted).

B.  Count One: Section 1983 Claim

The dispositive issue in this case is whether Plaintiff was ever "seized" within the meaning of the Fourth Amendment. Because it appears that he was not, there was no constitutional violation and the Court need not address the other aspects of Plaintiff's claims.

In his Complaint, Plaintiff alleges that his "arrest[] without probable cause for a crime he did not commit . . . den[ied] him of his liberty without due process of law, thereby depriving him of his rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth amendments to the United States Constitution." (Compl. ¶ 21.) These appear to be two distinct causes of action under §1983: malicious prosecution and false arrest. Malicious prosecution claims brought under §1983 are to be analyzed under the Fourth Amendment to determine if there was a pretrial deprivation of liberty. Albright v. Oliver, 510 U.S. 266, 274 (1994). A claim of false arrest must also be analyzed under the Fourth Amendment. See Melton v. Dermota, 940 F.2d 652, 1991 WL 147490, at *4 (Table) (4th Cir. Aug 6, 1991).

The Fourth Amendment safeguards the "right of the people to be secure in

their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. To determine if a violation of the Fourth Amendment occurred in this case, the analysis must turn to whether Plaintiff was "seized" within the meaning of the Fourth Amendment. A seizure occurs only when "in view of the totality of the circumstances surrounding the 'stop,' a reasonable person would not feel free to leave or otherwise terminate the encounter." United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002). A person is seized when his freedom of movement is restrained either by a showing of authority or by physical force. United States v. Mendenhall, 446 U.S. 544, 553 (1980). The following factors have been used to consider whether a seizure has occurred: the time, place and purpose of the encounter, the officer's words, tone of voice, and general demeanor, the officer's statements to others, the presence of multiple officers (if threatening), the display of a weapon, and the physical touching of a citizen by the police. Weaver, 282 F.3d at 309–310 (citing Florida v. Bostick, 501 U.S. 429, 437 (1991); Michigan v. Chesternut, 486 U.S. 567, 571–76 (1988); Mendenhall, 446 U.S. at 554). Additionally, the retention of a citizen's identification or personal effects weighs into the consideration of a seizure analysis. Weaver, 282 F.3d at 310.

      Plaintiff insists that he was "arrested." (Compl. ¶¶ 12, 14, 16, 21, 25–27, 31.) The record clearly belies such an assertion. Plaintiff was asked to go to the Henrico County Government Center on Parham Road to pick up the summons, which he agreed to freely. When at the Government Center, Plaintiff waited for thirty minutes before he was served. During this waiting period, he was not searched or touched in

a threatening way. He was told he could leave if he wished, and all of the officers interacted with him in a professional way. Nothing in the facts supports a finding that this was a seizure under the scope of the Fourth Amendment. For this reason, the alleged constitutional violation did not occur, and Defendant's Motion for Summary Judgment on this issue will be GRANTED.

Because there was no Fourth Amendment violation, Plaintiff's claims of a §1983 violation for malicious prosecution and false arrest fail. Thus, there is no valid federal claim before this Court by which this Court can exercise jurisdiction over this case. For this reason, this Court GRANTS Defendant's Motion for Summary Judgment in its entirety and DISMISS Counts II, III, and IV for lack of jurisdiction. Accordingly, Plaintiff's Motion for Partial Summary Judgment will be DENIED.

### III. CONCLUSION

For the above reasons, the Court will GRANT Defendant's Motion for Summary Judgment, DENY Plaintiff's Motion for Partial Summary Judgment, and DISMISS the case in its entirety.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate ORDER shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this   17th  day of April 2009